# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GINGER H. GUASTELLA, ET AL**                                    **CIVIL ACTION**

**VS.**                                                                           **NO: 19-13606**

**LAF LOGISTICAL SOLUTIONS, LLC,**                     **SECTION: T**
**ET AL**

## ORDER

Before the Court is a Motion for Demand for Jury Trial[1] filed by Ginger H. Guastella, wife of/and Wayne P. Guastella ("Plaintiffs"). Michael G. Hernandez, LAF Logistical Solutions, L.L.C. and National Indemnity Company of the South ("Defendants") have filed an opposition.[2] For the following reasons, the Motion for Demand for Jury Trial[3] is **GRANTED.**

Plaintiffs initially filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Petition for Damages indicates that "Petitioners reserve their right to a trial by jury, the amount and time for filing a jury cost bond to be fixed when this matter is set for trial."[4] This case was removed on November 13, 2019 and was set for a bench trial on June 29, 2019.[5] On April 17, 2020, Plaintiffs filed the instant motion demanding a jury trial. Plaintiffs contend they are entitled to a jury trial under Federal Rule of Civil Procedure 81(c)(3)(A), and alternatively, under Rules 38 and 39.

The Court finds that a jury trial is appropriate under Rule 39(b), which provides, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Fifth Circuit delineated five factors that the Court should consider in the exercise of its discretion under

---

[1] R. Doc. 52.
[2] R. Doc. 98.
[3] R. Doc. 52.
[4] R. Doc. 1-2.
[5] R. Doc. 7.

Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the nonmovant's tardiness in requesting a jury trial.[6]

This is a personal injury case arising out of an automobile accident. Juries have repeatedly tried cases on these claims and are well suited to decide these types of fact-intensive disputes based on settled legal principles. If the Court were to grant Plaintiffs' motion, there would be no additional disruption to the Court's schedule. The Court does not find any significant prejudice to Defendants that would be caused by granting Plaintiffs' motion for a jury trial because the trial preparation for a jury trial on these issues is not especially different from that for a bench trial. The reason for the delay in asserting Plaintiffs' jury trial rights was because Plaintiffs initially requested a jury trial in the state court petition. Although Plaintiffs should have objected to the case being scheduled as a non-jury trial sooner, the Court does not find that Plaintiffs' request results from strategic behavior. On balance, the relevant factors weigh in favor of a jury trial, and the Court finds that plaintiff's motion for a jury trial should be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Demand for Jury Trial[7] is **GRANTED.**

**New Orleans, Louisiana**, on this 13th day of May, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).
[7] R. Doc. 52.

2